Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN and ANDREWS, JJ. Not sitting: CRANE and LEHMAN, JJ.

---

HENRY D. BRANDYCE et al., Copartners under the Firm Name of H. D. BRANDYCE & COMPANY, Respondents, *v.* UNITED STATES LLOYDS, INC., Appellant.

*Insurance — proximate cause — marine insurance — loss by deterioration of merchandise which had to be unloaded from vessel in order to repair damage arising from collision constitutes a loss caused by a peril of the sea.*

Brandyce v. *U. S. Lloyds, Inc.*, 207 App. Div. 665, affirmed.

(Argued October 23, 1924; decided November 25, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 14, 1924, in favor of plaintiffs upon the submission of a controversy under sections 546 and 547 of the Civil Practice Act. The action was to recover under a policy of marine insurance by which the defendant insured a shipment of potatoes on the steamship *Corsicana* from New York consigned to Caibarien, Cuba. The vessel struck some unknown object and was damaged to such an extent that she had to put into Charleston, S. C., to make repairs. The shipment of potatoes here involved was not injured directly by the collision or touched by sea water, but in order to make the repairs, the cargo, including the potatoes, had to be discharged and held at the port of refuge until the repairs were completed and the vessel resumed her voyage. The potatoes, being perishable, were not able to stand the delay, and on the advice of surveyors, whose conclusions are not disputed, the potatoes were sold for upwards of sixty per cent of their sound value. It is agreed in the submission that " the only loss suffered, or which would have been suffered by them, was natural deterioration," and that the vessel completed her repairs and carried out the voyage. The question involved is whether loss by natural deterioration during a delay of the voyage

caused by a sea peril is a loss by sea perils. The Appellate Division held that the proximate cause of the loss was the sea peril and directed judgment for plaintiffs.

*D. Roger Englar* and *Oscar R. Houston* for appellant. *Wharton Poor* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane, Andrews and Lehman, JJ.

---

Herman Slomin, an Infant, by Jacob Slomin, His Guardian ad Litem, Appellant, *v.* The City of New York, Respondent.

*Negligence — New York city — child run over by truck engaged in work of street paving — city not liable where accident happened through intervention of third party — failure to prove ownership or operation of wagon by city.*

*Slomin* v. *City of New York*, 207 App. Div. 896, affirmed.
(Submitted October 23, 1924; decided November 25, 1924.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 24, 1923, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. On August 25, 1920, William Sullivan, driving a team and a truck upon which was displayed the sign " Department of Highways No. 47, City of New York," hauled a load of grit from defendant's yard at Webster avenue to pavers employed by defendant at Stebbins avenue. Arriving at Stebbins avenue, he was told by defendant's foreman not to dump the grit at that time, but to drive his loaded truck away, get dinner and return with the grit so that the pavers could use it at one o'clock. He drove away, had his dinner and started back with his truck to Stebbins avenue. When near the intersection of Stebbins avenue and East One Hundred and Seventieth street and about one