**WAGNER ELECTRIC CORPORATION v. OCEAN ACCIDENT & GUARANTEE CORPORATION, LIMITED, OF LONDON, ENGLAND.**

Circuit Court of Appeals, Eighth Circuit. November 12, 1929.

No. 8564.

Charles A. Houts, of St. Louis, Mo., for appellant.

Frank H. Sullivan, of St. Louis, Mo. (Jones, Hocker, Sullivan & Angert and Ralph T. Finley, all of St. Louis, Mo., on the brief), for appellee.

Before VAN VALKENBURGH and GARDNER, Circuit Judges, and WOODROUGH, District Judge.

VAN VALKENBURGH, Circuit Judge. October 21, 1915, appellee issued to the Wagner Electric Manufacturing Company, predecessor of appellant, a policy of accident insurance. The form used was that of an employers' liability policy ordinarily employed to indemnify the insured against loss by reason of the liability imposed by law upon the assured for damages because of injuries to its employees while engaged in the trade, business, or work of the assured as described therein. It appears, however, upon the face of the papers, that the assured in consideration of a reduced premium rate desired a modified indemnity policy, and, therefore, there was, at the time of issue placed thereon what is called an "Excess Insurance Endorsement" as follows:

"In consideration of the reduced rate at which the under-mentioned policy is written, the Corporation shall not be liable for any loss recovered against the Assured in connection with an accident covered by the said policy, unless such loss shall exceed the sum of Five Thousand Dollars ($5,000) in respect of any one person, or the sum of Ten Thousand Dollars ($10,000) in respect of any one accident, and then the Corporation shall only be liable for the loss recovered against the Assured in excess of the sums above mentioned.

"As a consequence of the above stipulation, it is agreed that (1) the Assured shall not be held to forward to the Corporation notice of every accident that may occur, but the Assured shall give to the Corporation immediate written notice of all claims made and suits brought on account of such accidents and (2) the Corporation shall not be liable for any medical attention whatsoever, nor for any expense of defense of suits except insofar as the Corporation may voluntarily assume such expense.

"The Corporation's liability under the policy for excess loss, as above stated, shall in no event exceed the limits mentioned in the policy.

"Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, agreements or limitations of the under-mentioned policy other than as above stated."

It is quite apparent that this indorsement or rider as it may be called, expresses the real nature of the insurance contracted for, that the contract of insurance is to be considered and construed as a whole, and all its parts, so far as practicable, are to be harmonized and given force and effect. If the provisions in the policy proper and those in the rider are in conflict and inconsistent with each other, those of the latter govern. Ætna Insurance Co. v. Sacramento-Stockton S. S. Co. (C. C. A. 9) 273 F. 55. The form of the instrument, with its accompanying indorsement, strongly suggests that appellee had no standard printed form for the type of insurance which the assured desired; therefore, it undertook to supply the same by the quoted indorsement upon one of its regular forms. The result was that appellant carried its own insurance up to $5,000, and all thereafter, up to $5,000, together with some incidental charges and expenses, under certain specified circumstances, appellee, the accident company, was to carry.

In the instant case an accident occurred to one of appellee's employees. The insurance company was notified by letter as follows:

"May 25, 1920.

"Mr. Lee Turner, Railway Exchange Bldg., St. Louis. Mo. Re: August Baker, Ocean Policy No. 157273. Dear Sir: Enclosed please find copy of letter from Atty. Bohencamp who has been retained to represent the above employee.

"Yesterday I received a petition in the above case, of which I am sending you a copy. This case occurred during the time that your company was carrying our excess insurance.

"We have put this case in the hands of our attorney, Mr. C. A. Houts, of the Boatmen's Bank Bldg., and we will notify you of any developments which may be of interest to you.

"Very truly yours,
"A. R. Horn, Safety Engineer."

To this the insurance company made the following reply:

"St. Louis, Mo., June 1st, 1920.
"46-Ec-2412-August Baker.

"Wagner Electric Mfg. Co., 6400 Plymouth Ave., St. Louis, Mo. Gentlemen: I have received your letter of the 25th inst. enclosing copy of petition which was served in the above case. Will you kindly forward to me a report of the accident, together with some investigation as to what occurred, and if possible, a doctor's report which will show the extent of the injury, together with any

other information that would be of assistance to us in knowing what estimate to carry on this case.

"Appreciating your advice, I am, very truly yours,

"Leigh C. Turner,
"LCT:D    Mgr. St. Louis Claim Dept."

The case proceeded to judgment in the sum of $10,000, in the circuit court of St. Louis county, Mo. Appellant appealed, the judgment was affirmed, and was paid together with interest, amounting to $2,061.69. Appellant then made demand upon the insurance company for $5,000, the excess, and for this interest which it had paid. Appellee declined to pay the interest, and tendered $5,000 in full settlement. This was refused. Thereupon, suit was brought for the judgment, together with the interest aforesaid, and for an additional sum of $1,346.95, as the expense of defending said suit; also, damages for vexatious delay in paying the amount due under the policy, together with an attorney's fee in the sum of $1,000, was demanded. The case was removed to the District Court of the United States for the Eastern District of Missouri. By stipulation in writing a jury was waived. The trial court entered a general judgment in favor of appellant in the sum of $5,000, the excess due under the policy. The claim of appellant for the other items demanded was thus denied. It is because of such items that this appeal is taken.

As has been said, the form of policy used upon which the excess insurance indorsement was placed was that of a general accident indemnity policy under which the assurer assumes full liability up to a stated amount. It therefore contains the provisions customary in such a policy. By them appellee agreed:

"Par. 2.    To indemnify the Assured against loss by reason of the liability imposed by law upon the Assured for damages;

"Par. 3.    To investigate accidents involving such bodily injuries or death, to negotiate settlement of claims made as may be deemed expedient by the Corporation, and to defend suits for damages brought on account of such bodily injuries or death in the name and on behalf of the Assured, unless or until the Corporation shall elect to effect settlement thereof:

"Par. 4.    To pay all costs taxed against the Assured in any legal proceeding defended by the Corporation according to the agreement foregoing, and interest accruing upon the judgment rendered in connection therewith, and all expenses incurred by the Cor-

poration for investigation, negotiation and defense; and

"Par. 5.    To reimburse the Assured for the expense incurred in providing such immediate surgical relief as is imperative at the time of the accident.

"The foregoing agreements are subject to the following conditions:
"Limits of Liability.

"A. The Corporation's liability for the indemnity provided in Paragraph 2 of the Insuring Agreements is limited to the amounts and as expressed in item 10 of the said Declarations.

"10.    The Corporation's liability under Paragraph 2 of the Insuring Agreements on account of bodily injuries to, or the death of, one person shall be limited to the sum of Five Thousand Dollars ($5,000.00) and, subject to the same limit for each person, the Corporation's total liability on account of bodily injuries to, or the death of, more than one person, as the result of one accident, shall be limited to the sum of Five Thousand Dollars ($5,000.00)."

It is the contention of appellant that appellee was obligated, in any event, to defend any suit brought, and that if it failed so to do, it is liable in the same manner that the policy provided it should be if it did defend. In this provision interest accruing upon the judgment rendered is specifically included under paragraph 4 quoted above. It may be added here that in the argument before this court very little insistence is made upon items other than this interest. The defense is that by reason of the excess insurance indorsement appellee is liable only to the extent that it voluntarily assumed expense. We think the contention of appellee comports more reasonably with the nature of the obligation assumed, the language of the policy taken as a whole, and the attitude of the parties as disclosed in the correspondence quoted. The insurance company was neither obligated nor expected to participate in the defense, unless it chose so to do, and certainly not unless it was requested so to do. In the indorsement it is expressly provided that the insurer shall not be liable for any expense of defense of suits except in so far as the corporation might voluntarily assume such expense. Paragraph 4 obligates it for costs in legal proceedings defended by it and "interest accruing upon the judgment rendered in connection therewith." It seems clear to us that all costs and expense of any nature were included in the provision of the indorsement that appellee should not be liable for any expense of defense of suits except those volun-

tarily assumed. In this case the responsibility for the defense was assumed by appellant, and the appeal taken was likewise at its own behest. Ordinarily, and in the absence of express provision, an insurance company is not liable for interest which has accrued pending appeal, for the reason that: "Interest is a consideration paid for the use of money, or for forbearance in demanding it when due; and so long as one retains money and has its use he can make no charge against another for interest thereon." Maryland Casualty Co. of Baltimore, Md., v. Omaha Electric Light & Power Co. (C. C. A. 8) 157 F. 514, 515.

We do not think, under the situation here presented, that appellee was liable for any of the items charged which it did not voluntarily assume by undertaking the defense of the suit or otherwise. The decision of the trial court is amply supported by the record, and should not, therefore, be disturbed.

The judgment is affirmed.