**NORTH RIVER INS. CO. v. CLARK.**

No. 7820.

Circuit Court of Appeals, Ninth Circuit.

Nov. 15, 1935.

Harold M. Sawyer, of San Francisco, Cal., and L. B. daPonte and Robert S. Macfarlane, both of Seattle, Wash., for appellant and cross-appellee.

Henderson & McBee, both of Mount Vernon, Wash., for appellee and cross-appellant.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

Guy H. Clark, as receiver of the Montborne Lumber Company, brought this action to recover on a fire insurance policy issued by the appellant to the Montborne Lumber Company. The facts were stipulated and the case was tried by the court without a jury. The lumber company operated a short logging railway. It owned a Shay locomotive covered by the policy which it alleged was "damaged by fire and by the collapse of bridges resulting from such fire to the amount of $15,000." The stipulated facts showed that the locomotive was untouched and undamaged by the fire, but that it was so isolated as a result of the forest fire which destroyed the railroad bridges that it would cost all the locomotive was worth to rebuild the trestles or bridges so as to make the locomotive accessible for use. The court therefore held that this rendered the locomotive useless and awarded judgment for its stipulated value of $7,000. The alleged loss results from the unwillingness or inability of the insured to rebuild the bridges, and was not caused by the fire. Can it fail or refuse to rebuild its bridges and claim that the locomotive was thereby lost because of the fire? Suppose the bridges were fully insured against fire and the insured was fully reimbursed for their loss by fire and thus able to rebuild the bridges, if it so desired. Could it retain the insurance money without rebuilding, and claim that the locomotive was lost by the fire, which destroyed the bridges and thus recover upon the policy insuring it against the loss of the locomotive by the fire which destroyed the bridges but did not injure the locomotive? The answer seems too obvious to require discussion. The engine was not lost at all, either by fire or otherwise. The authorities relied upon by the insured are not in point. They hold that a loss by fire may sometimes result where the fire is the proximate cause of the injury, even though not coming into contact with the thing destroyed. 26 C.J. 340; 14 R.C.L. 1216; 6 Couch on Insurance, § 1467; Ermentrout v. Girard Fire & Marine Ins. Co., 63 Minn. 305, 65 N.W. 635, 30 L.R.A. 346, 56 Am.St.Rep. 481; Western Assur. Co. v. Hann, 201 Ala. 376, 78 So. 232; Brandyce v. United States Lloyds, Inc., 239 N.Y. 573, 147 N.E. 201; cited by the receiver. All these cases deal with the question of whether or not the damage or loss was the proximate result of a fire. Here there was no damage to the locomotive within the meaning of the policy.

The receiver also sought judgment against appellant under the policy for damages to or destruction of certain freight cars belonging to the Northern Pacific Railroad, which were in use upon the Montborne Lumber Company's logging railway under an agreement "to pay the railroad for all damage which cars delivered to it by the railroad through such connections may sustain from any cause whatever while in its possession." The insurance company paid the loss ($8,000) directly to the Northern Pacific Railroad, and, in addition to an acquittance of all liability, the railroad company executed a release to the lumber company of its liability to it under the above clause of the contract. The trial court denied recovery to the receiver for the insured and a cross-appeal was taken from this decision.

The receiver concedes that the amount of money received by it from the insurance company would be payable by it to the

**204**

railroad company, but contends in effect that it should pass through his hands and be subject to the same reduction in amount paid as are all other claims of general creditors of the lumber company filed in the receivership proceedings. To this contention the insurance company replies that the insurance of the cars was an insurance of liability under the above contract between the lumber company and the railroad company, and that the railroad company having released the lumber company and its receiver from such liability, there could be no recovery.

In that regard a rider to the policy which was issued to the lumber company provided that "it is also understood and agreed that this policy covers legal liability only of the assured on logging cars owned by others in the possession of the assured. * * *"

The schedule of property insured attached to the policy contains the following: "12 cars owned by any other than the assured, consisting principally of Northern Pacific flat cars, main line tanks, and coal gondolas. * * *" The body of the policy insured the lumber company "against loss or damage caused by fire * * * to rolling stock, as per schedule." The receiver claims that the lumber company, as bailee, had an insurable interest in the cars in its possession and that the policy insures such cars and not the liability of the lumber company for their destruction by fire, relying upon the following clause: "2. Perils Insured Against. This policy insures only:—Against loss or damage caused by fire, derailment or collision (coming together of cars and/or locomotives in shifting or coupling not to be considered a collision), collapse of bridges, lightning, cyclone, tornado and flood."

As to insurable interest, the receiver relies upon Delanty v. Yang Tsze Ins. Ass'n, 127 Wash. 238, 220 P. 754, holding that a bailee being under an implied liability to restore the property to its owner has an insurable interest therein. The receiver also contends that in the absence of a specific agreement between the bailor and bailee to insure the property, the bailor cannot recover on the policy and has no lien thereon, citing 66 A.L.R. 864, note; Northern Trust Co. v. Snyder (C.C.A.) 76 F. 34; Batts v. Sullivan, 182 N.C. 129, 108 S.E. 511; 26 C.J. 436; 8 Couch on Insurance, § 1935, p. 6438. These authorities hold that a landlord cannot recover on a

policy issued to the tenant, although it may cover in part some interest of the landlord in the property destroyed by fire. None of them deal with the relation of bailor and bailee. The insurance company contends that whether the policy be construed as an indemnity or as a liability policy, there has been no loss suffered by the insured by reason of the destruction of some and injury of others of the flat cars owned by the Northern Pacific Railroad Company and in the possession of the lumber company at the time of the injury and destruction. The flat cars injured by the derailment only were repaired by the railroad company and it makes no claim therefor. The railroad company has been paid the full amount of the insurance ($8,000) and makes no claim against the lumber company for the loss of its cars by fire. On the contrary, it has released the lumber company from all liability to it therefor.

It is sometimes difficult to distinguish between an indemnity and a liability insurance policy. In the policy in suit, we have the bare terms of the policy stating that it is an insurance against loss of cars due to certain specified causes, including fire and derailment, and a further provision, incorporated into the policy by a rider, that the policy only covers legal liability of the assured for cars belonging to the railroad company. While these two provisions are not altogether consistent, nevertheless, in view of the fact that additions to a policy by a rider are usually for the purpose of modifying the general terms of a policy, and, therefore, being specific, control the more general terms of the policy, Ætna Ins. Co. v. Sacramento-Stockton S. S. Co. (C.C.A.9) 273 F. 55; Wagner Electric Corporation v. Ocean Accident & Guarantee Corporation (C.C.A.) 36 F.(2d) 186; Ætna Ins. Co. v. Houston Oil & Transport Co. (C.C.A.) 49 F.(2d) 121, it seems clear that the policy properly construed is one insuring the assured against loss due to its liability to the railroad company for failure to return cars. Under this construction of the policy, it is well established that the loss does not occur at least until a final judgment is rendered against the insured establishing the fact of liability, 5 R.C.L.(Perm.Supp.) p. 386, § 622; 6 Cooley's Briefs on Insurance, p. 5694 et seq.; Schambs v. Fidelity & Casualty Co. (C.C.A.) 259 F. 55, 6 A.L.R. 1231. Here the liability of the lumber company to the railroad company

has been released and hence there is no longer any such liability upon which it can base an action against the insurance company. The decision of the lower court in favor of the insurance company upon this item is correct.

Judgment reversed.