## NORWICH UNION FIRE INS. SOC., Limited, v. BOARD OF COMMISSIONERS OF PORT OF NEW ORLEANS.

### No. 10861.

Circuit Court of Appeals, Fifth Circuit.

March 29, 1944.

**HOLMES, Circuit Judge.**

This appeal is from a judgment for the insured in its suit upon two policies of insurance to recover a loss allegedly sustained by it within the coverage of the insurance. Appellant primarily bases its appeal on two propositions: (1) That the loss was proven to have resulted from causes remote and consequential, whereas the insurer was liable only for direct and immediate damages or losses; and (2) that even if the damage was proximate, the express exemption of appellant from liability for loss from interruption of business or manufacture was sufficient to defeat any recovery on the policies.

These are the established facts: Appellee operated a grain elevator in which 684,820 bushels of undried corn were stored on April 4, 1938. In order to prevent deterioration and possible spontaneous combustion, it was necessary that the corn regularly be aired by movement. On April 4, 1938, an explosion and fire occurred within the elevator, and the machinery employed to move the corn was damaged beyond use. The insured exercised due diligence in the repair or replacement of the machinery, but was unable to resume the regular movement of the corn until six or seven days after the fire. The corn deteriorated in value in the aggregate sum of $20,547.60 by reason of appellee's inability to move it during the time the machinery was out of commission.

On the date of the fire the Board held two valid policies of insurance issued to it by appellant covering the grain. One insured against all direct loss or damage by explosion, and the other insured against all direct loss or damage by fire. The gravamen of appellant's first contention is that since no damage was done to the grain by the fire, by the heat therefrom, or by any agency used in extinguishing the fire, but resulted solely from deterioration caused by properties within the grain itself, the loss was due to consequential and remote causes not covered by the policies.

As we recently held,[1] contracts insuring against direct loss or damage call into play the familiar doctrine of proximate cause, and if the loss complained of followed reasonably from the fire, and if no intermediate controlling and self-sufficient cause intervened, the loss was the proximate result of the fire.[2] It is conceded

St. Clair Adams, of New Orleans, La., for appellant.

Eldon S. Lazarus, of New Orleans, La., for appellee.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

---

[1] Dixie Pine Products Co. v. Maryland Casualty Co., 5 Cir., 133 F.2d 583.

[2] United States v. Chicago, B. & Q. R. Co., 8 Cir., 82 F.2d 131, 106 A.L.R. 942;

that the insured performed with due diligence every act required of it to mitigate its damages. It is also agreed that the fire was immediately responsible for the damage to the machinery, and that but for the damage to the machinery the deterioration of the corn would not have occurred. Moreover, the insurer does not deny that it had knowledge, at the time the policies were issued, that damage to the stored corn inevitably would flow from any prolonged failure of the machinery to function.

■ It is of no consequence that inherent combustible properties of the corn actually caused the deterioration and loss, for the principle of proximate cause "applies although within the network of causation there may be found the operation of natural forces" to which the contingency insured against has given play. Lanasa Fruit Steamship & Importing Co. v. Insurance Co., 302 U.S. 556, 58 S.Ct. 371, 82 L.Ed. 422. The Lanasa case is in legal principle strictly analogous to this one. There, a cargo of bananas was insured against damage caused by a peril of the sea. The vessel became stranded, which was one of the perils insured against, and was thereby appreciably delayed in reaching its destination. By reason of the delay caused by the stranding, but due to the susceptibility of the cargo to decay, the bananas were worthless when port was reached. The court held that, since the damage was a consequence naturally flowing from or incident to the peril insured against, the loss was within the coverage of the policy.[3] We accordingly hold that the damage to the corn proximately resulted from the fire and was within the coverage of the policies upon which suit was brought.

■ We also agree with the court below that the losses sustained by the insured were not expressly excluded from the coverage of the policies by the provision exempting the insurer from liability for loss, beyond the actual value destroyed by fire, occasioned by ordinance or law regulating construction or repair of buildings, or by interruption of business, manufacturing processes, or otherwise. The only claim upon which this suit was

predicated was that for damages to the corn resulting from the insured's inability to prevent deterioration due to damage to the machinery. Appellant has admitted that the amount of such damage was that claimed by the insured, and the judgment was rendered on the basis of that amount. No claim was made under any loss-of-profits theory, and in any event no claim was made for losses beyond the actual value of the losses proximately resulting from the fire.

The judgment is affirmed.

Champlin Refining Co. v. Thomas, 10 Cir., 93 F.2d 133; Appleman's Insurance Law and Practice, vol. 5, § 3083, page 221; Couch's Cyclopedia of Insurance Law, Vol. 6, Sec. 1463.

[3] See also Magoun v. New England Marine Ins. Co., Fed.Cas.No.8,961; Brandyce v. United States Lloyds, 239 N.Y. 573, 147 N.E. 201; Tudor v. New England Mut. Marine Ins. Co., 12 Cush., Mass., 554.