TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00518-CV






Nicolasa Rodriguez, Individually as Widow, and as Representative of the Estate of


Domingo Rodriguez and as Assignee of Irrigation Construction Co., Inc.;


Victor Rodriguez; Emma Rodriguez; Laura Rodriguez;


Nicolasa Rodriguez; et al.
, Appellants



v.



Texas Property and Casualty Insurance Guaranty Association, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 91-10151, HONORABLE PETER M. LOWRY, JUDGE PRESIDING






 Appellants (1) appeal from a summary judgment that they take nothing by their suit
against the Texas Property and Casualty Insurance Guaranty Association ("the Association"). (2) 
We will affirm the judgment.

THE CONTROVERSY


 Domingo Rodriguez died of injuries sustained in a construction accident in
Cameron County. Appellants sued Irrigation Construction Company and its owner, Royce W.
Hiller, in a wrongful death action brought in a Cameron County district court. At the time of the
accident, Hiller and his Company owned two liability-insurance policies. The first, issued by
Aetna Casualty and Surety, provided primary coverage up to $300,000; the second, issued by
Mission National Insurance Company, evidently provided coverage in excess of $300,000 and up
to $2,000,000. The Cameron County litigation culminated in an agreed judgment based on the
parties' agreement of settlement and compromise. Under the settlement agreement, Aetna paid
appellants $300,000 on behalf of Irrigation Construction Company and Hiller, Aetna's insureds.

 Mission was not a party to the Cameron County litigation or the settlement
agreement. At the time of the settlement, Mission's property and affairs were in the control of
a Travis County district court in a receivership proceeding; and, Mission had been designated an
"impaired insurer" by the Commissioner of Insurance. In the settlement agreement, Irrigation
Construction Company and Hiller agreed to execute and deliver to Nicolasa Rodriguez and her
attorney of record


an assignment of any/all claims that these Defendants have or might have, if any,
against Funds of the Texas Guaranty Fund [sic], relative to the
liquidation/receivership proceedings as to their excess insurer, Mission Insurance
Group [sic], relating to the incident made the basis of this lawsuit, up to a
maximum of $100,000.00, as provided by the Texas Insurance Code, particularly
Articles 21.28 and 21.28-C.



 In consideration of the assigned claims, "if any," and the $300,000, appellants
contracted as follows in the settlement agreement: Such consideration would constitute a "full
discharge of past, present, and future claims arising out of the allegations set forth in" their
complaint in the Cameron County litigation, and "of any wrongful death claims and any claims
of any nature whatsoever that could be asserted in the future" by Appellants. Further, Appellants
specifically understood that they


fully and wholly release [Irrigation Construction Company and Hiller] from any
and all claims, causes of action or other rights of action of any nature whatsoever,
whether now known or to be discovered in the future. It is further understood that
[Irrigation Construction Company and Hiller] are totally discharged at the time of
the execution of this Release, and have absolutely no obligation at any time in the
future with respect to future payments to be made by [Aetna or in its behalf] . . .
and will have no liability of any kind in connection with the payment of such future
payments specified herein. This release shall apply to all claims, whether known
or unknown, on the part of all parties to this Agreement, to the effect that this
Agreement shall be a full, binding, and complete settlement between the parties to
the Agreement.



 The settlement was consummated and resulted in an agreed judgment in the
Cameron County litigation. According to a declaration in the judgment, it has been satisfied save
as to court costs.

 Following conclusion of the Cameron County litigation, Appellants filed in the
Travis County receivership proceeding certain claims, alleging they were "covered claims"
against Mission that the Association was obligated to pay under the terms of the Mission policy
and the provisions of the Property and Casualty Insurance Guaranty Act. (3) The receivership court
rejected the claims and Appellants sued the Association in the present cause to recover thereon. 
On appeal Appellants complain generally that the trial court erred in rendering summary judgment
that they take nothing by their claims.


DISCUSSION AND HOLDINGS


 To recover against the Association, Appellants were bound to show that they
possessed claims against Mission that arose from and were within the coverage of the Mission
policy. (4) We should first identify as best we can the nature of the claims asserted by Appellants. 
The record contains repeated references to such "claims" but nothing in the record describes them
with any specificity. As we understand Appellant's original petition, the claims are of two kinds. 
The first are claims brought by Appellants as third-party liability claimants. By these claims,
Appellants contend they are entitled to recover from Mission the sums in excess of $300,000 that
Mission's insureds (Irrigation Construction Company and Hiller) were obligated to pay Appellants
as damages because of the death of Domingo Rodriguez. The second category are claims against
Mission that arose in favor of its insureds (Irrigation Construction Company and Hiller) under the
Mission policy--which claims the insureds assigned to Nicolasa Rodriguez, who brings them in the
present cause. We will consider separately the two kinds of claims.

 Concerning the first category of claims, the Association moved for summary
judgment on the ground that Appellants had released unconditionally any claims for damages they
had against Mission's insureds, Irrigation Construction Company and Hiller, with the result that
the release precludes any determination that the insureds are liable to Appellants for damages--the
very basis upon which Mission's contractual or policy obligation to pay damages depends. 
Having released the insured tortfeasors, Appellants cannot now claim directly against the
tortfeasors' liability insurer. See Angus Chemical Co. v. IMC Fertilizer Inc., 939 S.W.2d 138
(Tex. 1977); Pool v. Durish, 848 S.W.2d 722, 723 (Tex. App.--Austin 1992, writ denied). And
because Mission could have no liability to Appellants for such claims, the claims are not covered
claims for which the Association is liable. The summary judgment as to these claims appears to
rest properly on this ground.

 Appellants rejoin that their release of Irrigation Construction Company and Hiller
was not unconditional, yet they point to no language in the settlement agreement that amounts to
a condition and we find none. Appellants assert next that "the terms and conditions of the
settlement clearly state that the release pertains only to consideration paid by [Aetna] and not by
the impaired insurer, Mission National." We disagree. The release pertains as well to Mission's
insureds [Irrigation Construction Company and Hiller], their release, and their discharge from
liability of any kind that they might otherwise have to Appellants.

 We turn then to the second category of claims, "if any," possessed by Irrigation
Construction Company and Hiller against Mission and arising out of their policy terms and
coverage--claims they assigned to Nicolasa Rodriguez and upon which she sued in the present
cause. The nature of these claims is not clearly indicated save in one respect mentioned below--a
claim for court costs. We assume these claims (save for claims as to court costs) derive from
Mission's policy undertaking to pay such sums as its insureds (Irrigation Construction Company
and Hiller) became obligated to pay as damages arising from an event covered by the policy. This
is, of course, the basic undertaking of a liability insurer. It cannot be said that Mission breached
this duty, giving rise to a claim against Mission by its insureds. As discussed previously,
Appellants' release of Mission's insureds (Irrigation Construction Company and Hiller) precludes
a determination that the insureds are obligated to pay appellants any sums as damages. 
Consequently, Mission never came under a duty to pay damages on behalf of its insureds, the
insureds had no claim to assign to Nicolasa Rodriguez in that regard, and there can exist as a
result of the assignment no covered claim the Association is obligated to pay.

 The agreed judgment filed in the Cameron County litigation requires that Irrigation
Construction Company and Hiller pay one-fourth of Appellant's taxable court costs. In its motion
for summary judgment, the Association pled there was no evidence that Appellants' claim in that
regard is a covered claim. (5) Appellants' attorney of record filed in response his affidavit listing
such costs, totaling $4,845.12, and swore they were unpaid. Viewing this affidavit in a light most
favorable to Appellants, it is still not tantamount to summary judgment "evidence" that Mission
owed Irrigation Construction Company and Hiller a policy duty to pay such sums, that Mission
defaulted in that regard, and as a result Irrigation Construction Company and Hiller possessed as
against Mission a claim on their policy that they assigned to Nicolasa Rodriguez. While we have 
heretofore indulged in certain assumptions regarding the Mission policy, we are not prepared to
go so far as to assume that its terms obligated Mission to pay court costs that Mission's insureds
(Irrigation Construction Company and Hiller) became obligated to pay in connection with
litigation in which Mission had no part. (6) Consequently, Appellants failed to raise a genuine issue
of material fact on the contention that their claim was a covered claim that the Association was
obligated to pay.

 For the reasons stated, we affirm the trial-court judgment.



 


 John E. Powers, Justice

Before Justices Kidd, Patterson and Powers*

Affirmed

Filed: September 10, 1999

Do Not Publish







* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Appellants are as follows: (1) Nicolasa Rodriguez, who sued in her individual capacity as
the widow of Domingo Rodriguez, as the representative of his estate, and as the owner of claims
assigned to her by Irrigation Construction Company and Royce W. Hiller; (2) the children of
Domingo and Nicolasa Rodriguez (Victor, Emma, Laura, and Nicolasa Rodriguez); and (3)
Irrigation Construction Company and its owner Royce W. Hiller. We shall refer to all but
Irrigation Construction Company and Hiller as "Appellants."
2. The Association is a legal entity composed of member insurers transacting insurance
business in the State and operates under the provisions of the Property and Casualty Insurance
Guaranty Act. See Tex. Ins. Code Ann. art. 21.28-C (West 1999). The statute directs that the
Association discharge the policy obligations of and pay "covered claims" against "impaired
insurers," as these terms are defined in the Act, and to deny all other claims. Id. § 8(a), (b), (d). 
Stated briefly, a "covered claim" means an unpaid claim of an insured or third-party liability
claimant that arises out of and is within the coverage and limits of a policy issued by an impaired
insurer; and an "impaired insurer" is a member insurer that has been placed in temporary or
permanent receivership under a court order, based on a finding of insolvency, and designated an
impaired insurer by the Commissioner of Insurance. Id. § 5(8), (9).
3. See fn.2, supra.
4. This is the statutory definition of a "covered claim." See fn.2, supra.
5. Appellants' claim for court costs was actually adjudicated on the Association's second
motion for summary judgment filed November 26, 1997. The filing was after an amendment of
Rule 166a, which became effective September 1, 1997. See Tex. R. Civ. P. 166(a)(i). The
amended rule permits a party to move for summary judgment on the ground that there is no
evidence of one or more essential elements of a claim on which an adverse party would have the
burden of proof at trial. The trial court must grant the motion unless the respondent produces
summary judgment "evidence" raising a genuine issue of material fact, irrespective of whether
the movant produces any "evidence" on the point.
6. See Wagner Elec. Corp. v. Ocean Acc. Guar. Corp. Ltd., 36 F.2d 186, 189 (8th Cir. 1929)
(under policy terms properly construed insurer not liable for court costs where it did not
participate in the defense). The Mission policy is not in our appellate record, nor are any of its
terms suggested in the record, even by paraphrase.



on Construction Company and Hiller possessed as
against Mission a claim on their policy that they assigned to Nicolasa Rodriguez. While we have 
heretofore indulged in certain assumptions regarding the Mission policy, we are not prepared to
go so far as to assume that its terms obligated Mission to pay court costs that Mission's insureds
(Irrigation Construction Company and Hiller) became obligated to pay in connection with
litigation in which Mission had no part. (6) Consequently, Appellants failed to raise a genuine issue
of material fact on the contention that their claim was a covered claim that the Association was
obligated to pay.

 For the reasons stated, we affirm the trial-court judgment.



 


 John E. Powers, Justice

Before Justices Kidd, Patterson and Powers*

Affirmed

Filed: September 10, 1999

Do Not Publish







* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Appellants are as follows: (1) Nicolasa Rodriguez, who sued in her individual capacity as
the widow of Domingo